[No. 2109.]

THE FARMERS' ALLIANCE MUTUAL FIRE INSURANCE
COMPANY v. TROMBLY.

17    513
36S   217

**1.  Fire Insurance—Limitation.**

The fact that an action on a fire insurance policy was not commenced within the time limited by the policy and by-laws of the company within which such action might be commenced would not defeat the action if the plaintiff was induced to delay the commencement of the action by demands of the defendant for further statement and information concerning the loss, and by continual promises of adjustment.

**2.  Fire Insurance—Loss—Evidence.**

Evidence discussed and held sufficient to sustain a judgment in an action upon a policy of fire insurance for loss by fire.

**3.  Appellate Practice—Evidence—Credibility of Witnesses.**

The question of the relative credibility of witnesses is settled by the verdict of the jury and will not be considered by the appellate court.

*Appeal from the District Court of El Paso County.*

Mr. J. WARNER MILLS, for appellant.

Mr. GEORGE H. KOHN, for appellee.

THOMSON, J.

Suit upon a policy issued by the appellant, insuring household furniture of the appellee against loss by fire. The plaintiff had judgment, and the defendant appealed.

The complaint, after stating the contract of insurance, alleged that on the 20th day of July, while the policy was in force, the building containing the property insured which the complaint described, together with the property it contained, was totally destroyed by fire; that the defendant was immediately notified of the loss; that the proofs required by the policy were furnished; and that all of its conditions were satisfied.

The answer denied that there ever were, belonging to the plaintiff, goods of the kind, quantity and value, mentioned in the policy, and alleged to have been destroyed by fire. It also set forth its by-law No. 27, which was incorporated into the policy as one of its conditions, and which provided that no suit or action against the defendant company for any loss, should be sustained unless commenced within ninety days after the occurrence of the loss. The answer contained other allegations, but the limitations of the argument render their statement here unnecessary.

The replication averred that the plaintiff was induced to delay bringing her action until after the lapse of the time limited in the policy for the commencement of suit, by demands from the defendant throughout the ninety days for further statement and information concerning her loss, all of which she furnished, and by its continual promises of adjustment.

It is insisted for the defendant that the verdict was not warranted by the evidence. Counsel recognizes the rule in accordance with which, when there is a conflict between the statements of witnesses, an

appellate court holds itself bound by the verdict of the jury, if the evidence was properly submitted; but he says that upon the question whether the goods insured were in the building described in the complaint at the time of the fire, there was no substantial conflict, and that it convincingly appeared from the testimony that a large portion of the property had been removed before the breaking out of the fire. To determine the correctness of counsel's statement, we must go to the evidence. The witnesses called by the defendant, who were present at the fire, stated that when the firemen with their hooks pulled down the wall of one side of the building—a small one story frame house—they could see the interior, and that but few articles were there; that those enumerated by the plaintiff in her statement to the company, could not have been there; and that the ruins disclosed no evidence of the presence of articles which, on account of material entering into their construction or composition, could not have been totally destroyed. Other witnesses, residing in the vicinity of the building, testified to the removal of a large quantity of furniture from it shortly before the fire. For the plaintiff a Mr. Sprague testified that he took the furniture in question from a house occupied by the plaintiff to the building which was destroyed, to be stored there; that he packed it closely; that he slept in that building at night for a week or ten days afterwards; that subsequently a Mr. Graff lodged there; that on the day of the fire, or the day before, he hauled some chairs and blankets to the building, the plaintiff accompanying him; that he was inside of the building and noticed no change in appearances, although he did not look closely. The plaintiff, on her direct examination, testified that the goods remained constantly in the building until the fire; and, on cross-examination, said that she was in the building on the

day of the fire, and that the appearance of things was the same as when the furniture was placed there; and that there was no article taken out of the house between the time it received the goods, and the time of the fire, with her consent. The foregoing embraces the whole testimony affecting the question of removal of the goods. Upon this question there was abundant evidence to warrant a verdict for the defendant; but we are unable to say that there was such absence of opposing proof as to justify us in interfering with the jury's finding. Two witnesses testified that they saw the furniture immediately before the fire, and that it then had no appearance of having been disturbed. If such a removal as defendant's witnesses described had taken place, the fact would have been instantly noticeable; so that the testimony for the plaintiff was contradictory of that given for the defendant. It is in such a case that the jury's opinion controls ours.

It is to the question of the sufficiency of the evidence to sustain the verdict, that the learned counsel of the defendant directs nearly his entire argument. The reasoning by which he undertakes to show the superior credit to which his own witnesses are entitled, comes too late. The question of credibility was irrevocably settled by the jury.

It is complained that one item of testimony offered for the defendant was excluded. The witness was a Mrs. Harper, and we quote in full the paragraph containing the excluded statement, as it appears in the plaintiff's abstract:

"There was a man with her, medium size, light mustache, light hair, gray clothes, light hat; they were there every day for about three weeks before the fire; have seen them go around the building; that was about a week before the fire; yes, was at my house night of fire; had notice of the fire; the man

seen with the plaintiff knocked at my door, between 10 and 11 o'clock; he asked us to get up and let him get a bucket of water, that his house was on fire. What did he say? He asked us to get up and let him get a bucket of water, that his house was on fire. I opened the door and he came in and went through the room. He said a lamp had exploded and set fire to the house.''

It was the witness's version of what the man said, that, on motion of the plaintiff, was stricken out. We do not think there was any error in the ruling. Counsel says that the man's statement was part of the *res gestae*. We hardly think it should be so regarded. Nevertheless, in itself, without some explanatory facts, it was immaterial. It may be conceded that the man referred to the plaintiff's building, although he did not say so; but he attributed the fire to the explosion of a lamp. The accidental explosion of a lamp, as the cause of a fire, would not, ordinarily, relieve the insurer from liability. But even if the burning lamp was broken for the express purpose of setting fire to the building, there is nothing in the man's statement, or in the evidence anywhere, to connect the plaintiff in any way with the act. The fact that a man burned down her house, constitutes no defense unless it be shown that she was in some degree accessory to the deed. We find nothing further in the abstract or argument which calls for the expression of an opinion.

Let the judgment be affirmed.  · *Affirmed.*