501 P.2d 750 (1972)
Jack KLAYMAN, Plaintiff-Appellant,
v.
AETNA CASUALTY AND SURETY COMPANY, a corporation, et al., Defendants-Appellees.
No. 71-090.
Colorado Court of Appeals, Div. II.
June 27, 1972.
Rehearing Denied August 9, 1972.
Certiorari Denied October 24, 1972.
*751 Gibson, Gerdes, Campbell & Abrahm, Frederick H. Campbell, Eugene O. Perkins, Colorado Springs, for plaintiff-appellant.
Wood, Ris & Hames, William K. Ris, Denver, Petersen, Evensen & Mattoon, Pueblo, for defendants-appellees.
Not Selected for Official Publication.
ENOCH, Judge.
On February 4, 1968, a nightclub building owned by plaintiff-appellant Jack Klayman was destroyed by fire. This action was filed February 13, 1969, by plaintiff to recover the proceeds of certain fire insurance policies issued by defendants-appellees.
The defendants denied liability, alleging, inter alia, that plaintiff intentionally caused or conspired with other persons to cause the property in question to be burned, and that suit was not commenced within twelve months "after inception of the loss" as required by the terms of the policies. At the conclusion of plaintiff's evidence, the defendants moved for a dismissal of plaintiff's complaint or in the alternative for dismissal of certain damage claims. The motion to dismiss was denied. However, the court proceeded on its own motion to rule that the defendants had waived the policy requirement that suit be brought within twelve months and that the defendants were estopped from asserting reliance on this twelve-month provision.
The defendants then presented evidence in support of their claim that plaintiff intentionally caused or conspired with others to burn the property. After defendants rested, plaintiff's motion for a directed verdict was denied. In light of the court's ruling at the conclusion of plaintiff's evidence, it was agreed that only one issue should be submitted to the jury: Did plaintiff intentionally cause or conspire with others to cause the property to be burned? The jury answered the question affirmatively, and judgment was accordingly entered for the defendants.
In this appeal plaintiff asserts that the trial court erred in denying plaintiff's motion for a directed verdict and that the verdict of the jury is not supported by the evidence. We agree that the verdict is not supported by the evidence, however, because the court erred in striking one of defendants' defenses, we do not agree that the court should have granted a directed verdict for the plaintiff.
The basic facts are not in dispute. In 1967, plaintiff purchased the property from Mr. and Mrs. Gradishar for $40,000. Plaintiff paid $8,000 as a down payment and gave the Gradishars a promissory note for $32,000, secured by a deed of trust on *752 the property. At the time of the fire, the balance due on the note was $25,000 and all payments were current. Plaintiff's operation of the club and motel was financially successful; improvements had been made on the property; and all bills were paid except the normal current monthly bills. The parties stipulated that as a result of the fire, the building damage was $23,844.58, contents damage was $6,886.08 and loss of earnings under the business interruption coverage was $2,026.24. Pursuant to the terms of the mortgage clause in the policies covering the building, the defendants (Aetna, Travelers and Employers) paid the Gradishars $26,421.88, representing the unpaid principal of $25,000 and interest of $1,421.88 which had accumulated to the date of settlement in 1969. The note and deed of trust were assigned to these three defendants.
Plaintiff was the club manager. In his absence, the assistant manager, Angel Childs, was in charge. Although plaintiff spent most of his time in Pueblo, he made frequent trips to California to see his wife and to consult with a heart specialist. Plaintiff was in California at the time of the fire. On the night of the fire, Angel and the bartender, Chuck Robles, closed the club at about 2:20 a. m. They locked or barred the doors from the inside, except the front doors, which they locked with a key from outside. They inspected the interior before leaving and, to the best of their knowledge, no one was locked in the building. All the windows were sealed in such a manner that they could not be used for ingress or egress and the only means of entering the building without breaking in was by use of a key in the front door. The door lock had not been changed when plaintiff took possession of the property. At the time of the fire, plaintiff, Angel and Robles were each known to have a key. Some time earlier, a former employee, Donald Venuto, had a key, but he had returned it about two weeks before the fire. Venuto had been discharged by the plaintiff because of a disagreement which Venuto had had with a customer.
After closing the building, Angel and Robles went, as was their custom, to the Ramada Inn for breakfast. About ten minutes after their arrival, Venuto arrived and spent some time with them, but left before they did. Some time after 3:30 a. m., Robles drove Angel back to the motel on the club property where she lived. When they arrived, the building was burning and the firemen were fighting the blaze. Venuto appeared at the scene sometime later while the firemen were still there.
The firemen found that the front door was still locked and that no forced entry had been made into the building. It is undisputed that the fire was intentionally set by someone. There were at least three, and possibly five, plastic containers of gasoline located throughout the building. The fire was ignited from just inside the front door which was evidenced by a burn groove in the carpet and floor extending from the front door to the corner of the bar where one of the containers of gasoline was found. Plaintiff denied setting the fire or conspiring with anyone to set the fire.
All the facts necessary to support plaintiff's claim under the terms of the insurance policies were admitted. The defendants had the burden of proving their defense of arson by a preponderance of the evidence. Where a fire is incendiary, an insurer, to escape liability, must establish that the insured set or conspired to set the fire. The fact that the fire was of an incendiary origin is not alone sufficient to prove that the insured set or caused the fire to be set. Conley v. Fidelity-Phenix Fire Insurance Co., D.C., 102 F.Supp. 474; See Stone v. Union Fire Insurance Company, 106 Colo. 522, 107 P.2d 241. In Farmers' Alliance Mutual Fire Insurance Co. v. Trombly, 17 Colo.App. 513, 69 P. 74, the court stated, ". . . The fact that a man burned down her [the insured's] house constitutes no defense, unless it be *753 shown that she was in some degree accessory to the deed. . . ."
The defendants failed totally in this burden of proof. The evidence is uncontradicted that plaintiff was in California at the time of the fire, and there is a complete absence of either direct or circumstantial evidence that he conspired with anyone to set the fire. The circumstantial evidence could lead one to conclude that someone in Pueblo at the time, who had a key or had access to a key, started the fire, but this fact does not establish that plaintiff was involved. Due to the total lack of proof of plaintiff's involvement, the jury verdict that plaintiff intentionally caused or conspired with others to burn the property is not supported by the evidence and it was error for the court to have entered judgment thereon.
The other errors alleged by plaintiff concerning instructions to the jury need not be considered in light of our holding on the jury verdict.
Since the judgment must be reversed because of the jury verdict, it is necessary that we consider defendants' other defense that plaintiff failed to commence this suit within twelve months "after inception of the loss" as required by the terms of the policies. As previously indicated, the trial court ruled on its own motion at the end of plaintiff's evidence that defendants had waived this provision of the policies and that they were estopped from asserting it as a defense. The court may strike a defense at the conclusion of the evidence if there is no evidence presented in support of such defense. See Nettrour v. J. C. Penney Co., 146 Colo. 150, 360 P.2d 964. However, the defendants in this case had not yet had an opportunity to present any evidence in support of this defense. Therefore, the court was not in a position to make any disposition of this issue at the end of plaintiff's evidence and it was error for it to strike this defense at that time.
After the filing of briefs, the parties, by stipulation filed with this court, consented to the sale of the property involved in this case. The note has been marked paid in full, the deed of trust released and the proceeds of the sale are being held in the registry fund of the trial court.
Since the damages resulting from the fire have been stipulated to and the defense of arson has been disposed of, the only remaining issue is a determination of the validity of defendants' defense of the twelve-month provision and whether there was a waiver of this defense or if by their acts, the defendants are estopped from asserting this defense. After determination of this issue, judgment should be entered accordingly, including disposition of the funds from the sale of the property now held in the registry fund of the trial court.
Judgment is reversed and cause remanded for further proceedings consistent with this opinion.
DWYER and PIERCE, JJ., concur.