585 P.2d 318 (1978)
James LAWSON, Individually and doing business as Continental Cyclery, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Defendant-Appellee.
No. 77-1042.
Colorado Court of Appeals, Div. II.
September 28, 1978.
Joe Clarence Medina, Charles F. Murray, Denver, for plaintiff-appellant.
Weller, Friedrich, Hickisch & Hazlitt, William H. Hazlitt, Denver, for defendant-appellee.
ENOCH, Judge.
Plaintiff, James Lawson, initiated this action to recover the proceeds of a fire insurance *319 policy issued by defendant, State Farm Fire & Casualty Insurance Company, for the loss by fire of the contents of his business establishment. Defendant denied liability, alleging, inter alia, that plaintiff had either set or caused the setting of the fire. At the conclusion of a trial to the court, the court entered judgment in favor of defendant, and plaintiff appeals. We affirm.
Plaintiff's sole argument for reversal is that the evidence was insufficient as a matter of law to establish the defense of incendiarism. Plaintiff argues that even if the evidence supports a finding that the fire was deliberately set, the circumstances surrounding the fire fail to link him to the arson. We do not agree.
Arson cases are difficult to prove, and circumstantial evidence is often the only clue as to the identity of the arsonist. To establish a prima facie case of incendiarism it is sufficient to show 1) arson by someone, 2) motive by the suspect, here the insured, and 3) unexplained surrounding circumstantial evidence implicating the suspect. Boone v. Royal Indemnity Co., 460 F.2d 26 (10th Cir. 1972).
Here, the trial court found, on essentially undisputed expert evidence, that the fire resulted from a large quantity of a flammable or combustible accelerant which had been deliberately poured on the floor of the shop from a point inside the shop. Plaintiff and his wife had the only keys for the deadbolt locks on the doors, and all access to the store was secure when the firemen arrived. Plaintiff and his wife testified that they left the store about one-half hour before the approximate time that the court found, based on expert opinion, that the fire had started; but both of them had made earlier conflicting statements to arson investigators indicating that they may have been there late enough to have started the fire. This evidence was sufficient to give rise to the court's inference that plaintiff was on the premises at the time the fire started and had a part in setting it.
The evidence also supports the trial court's finding that plaintiff was in financial distress at the time of the fire. He had refinanced an overdue business debt as a secured obligation just prior to the fire, his business was at a seasonal low, his monthly obligations exceeded his reasonably expected cash flow, and he had unsuccessfully attempted to sell the business.
The credibility of witnesses, the weight to be given the testimony, and the inferences to be drawn from the evidence are all matters for the trier of fact. When trial is to the court sitting without a jury, the findings of the court, if supported by the evidence, as they are in this case, cannot be disturbed on appeal. Peterson v. Ground Water Commission, Colo., 579 P.2d 629 (1978); Adler v. Adler, 167 Colo. 145, 445 P.2d 906 (1968).
Judgment affirmed.
KELLY and STERNBERG, JJ., concur.