## No. 27753

**Howard Toncray, Donna M. Toncray, Lawrence A. Starsmore, Cecilia N. Starsmore, Charles H. Baggs, Ruth E. Baggs, Ben S. Wendelken, Howard D. Campbell and Teresa Hart v. Joseph F. Dolan, Executive Director of the Department of Revenue, State of Colorado**

(593 P.2d 956)

Decided April 16, 1979.          Rehearing denied May 14, 1979.

Murray, Baker & Wendelken, for plaintiffs-appellees.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Chris J. Eliopulos, Special Assistant, for defendant-appellant.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The appellees-taxpayers are shareholders of Westland Theatres, Inc., a Colorado corporation, which has elected to be taxed under Subchapter S of the Internal Revenue Code, sections 1371-1379. Pursuant to C.R.C.P. 57, and sections 13-51-101, *et seq.,* C.R.S. 1973, the taxpayers sought, in the El Paso County District Court, a declaratory judgment that the Colorado Department of Revenue's regulation 138-1-6 is invalid as inconsistent with the surtax statute, section 39-22-106(1), C.R.S. 1973.

Regulation 138-1-6 purports to apply the Colorado surtax to the undistributed taxable income of Subchapter S corporations. The district court held this regulation void insofar as it declares the undistributed taxable income of a Subchapter S corporation to be dividends subject to surtax. We affirm.

At the threshold we are met by the contention that this is not an appropriate case for a declaratory judgment. We hold that declaratory judgment is a proper remedy under these circumstances. One whose rights are affected by a statute may have its construction or validity determined by declaratory judgment. C.R.C.P. 57(b); section 13-51-106, C.R.S. 1973. The primary purpose of the declaratory judgment procedure is to provide a speedy, inexpensive, and readily accessible means of determining actual controversies which depend on the validity or interpretation of some written instrument or law. C.R.C.P. 57(k); *Colorado State Board of Optometric Examiners v. Dixon,* 165 Colo. 488, 440 P. 2d 287 (1968); *Inter-Church Temperance Movement v. Baker,* 133 Colo. 398, 297 P.2d 273 (1956).

In the instant case the taxpayers' liability for income taxes turns on the construction of a statute and the validity, or invalidity, of regulations purporting to interpret that statute. The case, therefore, is well within the purpose of declaratory judgment. Both our rule and statute are remedial in nature and should be liberally construed to "afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations . . . ." C.R.C.P. 57(k); section 13-51-102, C.R.S. 1973.

The taxpayers filed their Colorado income tax returns for 1973 and 1974 showing their proportionate shares of undistributed corporate earnings as subject to regular income taxes but not subject to surtax. Even though the Department of Revenue had adopted the regulation which stated that the shareholder's proportionate share would be subject to surtax, the Director made no deficiency assessment. Because there was no assessment it was impossible for the taxpayers to settle the legal issues involved by following the statutory procedures to contest an assessment. Section 39-21-101, *et seq.,* C.R.S. 1973.

Although the taxpayers had risked substantial deficiency assessments, interest and penalties by not following the Department's regulation, without a deficiency assessment they could not contest the validity of the regulation in issue. Without the declaratory judgment procedure, they have no way of knowing how to file correct tax returns for future years. Thus declaratory judgment was especially appropriate here.

Our opinion in *Cohen v. Department of Revenue,* 197 Colo. 385, 593 P.2d 957 (1979) governs the substantive issue in this case, *i.e.,* the validity of regulation 138-1-6. Following *Cohen,* the judgment of the district court is affirmed.

MR. JUSTICE PRINGLE does not participate.