**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff–Appellee,**

v.

**Jerry R. BOWSER and Carla Su Bowser, Defendants–Appellants.**

**No. 87CA0678.**

Colorado Court of Appeals,
Div. II.

June 15, 1989.

Rehearing Denied July 6, 1989.

Certiorari Denied Sept. 18, 1989.

Robert F. Hibschweiler, Littleton, and Charles T. Trowbridge, Denver, for plaintiff-appellee.

Law Offices of Worstell & Dunning, David L. Worstell and Louis A. Weltzer, Denver, and Weiner & Schiller, P.C., Richard A. Weiner, Englewood, for defendants-appellants.

FISCHBACH, Judge.

Jerry R. and Carla Su Bowser appeal the trial court's declaratory judgment, entered on a jury verdict, which ruled that American Family Mutual Insurance Company was not liable to pay for fire damage under a policy it had issued to the Bowsers. We affirm.

The case arises from a fire which occurred in the early morning of January 5, 1986, and resulted in damage to a house owned by the Bowsers and insured by American Family. After the fire, Mr. Bow-

ser immediately contacted his insurance agent and later submitted a proof of loss for fire damage and missing items, and requested payment under the policy.

American Family began an investigation but never provided the Bowsers with a formal statement as to whether coverage under the policy would be admitted or denied. On April 19, 1986, it filed a complaint for a declaratory judgment, alleging that it was not liable under the policy because the Bowsers had misrepresented material facts in their policy application, had breached the terms of the policy, and because, on information and belief, the damages sustained had arisen from "acts committed by or at the direction of the [Bowsers] with the intent to cause such loss."

In their answer and counterclaim, the Bowsers moved for dismissal and counterclaimed against American Family, alleging breach of contract, bad faith breach of insurance contract, breach of duty to handle the Bowsers' claim in a fair and reasonable manner, and outrageous conduct. The jury returned a general verdict in favor of American Family on both the complaint and counterclaim on which the trial court entered judgment.

## I.

The Bowsers contend that the trial court abused its discretion in failing to dismiss the declaratory judgment action for want of jurisdiction. We disagree.

## A.

First, the Bowsers argue that the case is not within the scope of a declaratory judgment action because it involves not the interpretation of a written instrument, but rather the resolution of questions of fact. The parties do not dispute the meaning of the insurance policy, but only the accuracy of American Family's allegations against the Bowsers. We conclude that the factual nature of the inquiry does not bar the claim.

The remedy of a declaratory judgment is governed by the Uniform Declaratory Judgments Act, §§ 13–51–101, et seq.,

C.R.S. (1987 Repl.Vol. 6A) and C.R.C.P. 57, and by the case law construing these provisions. The Act is to be construed so "as to effectuate its general purpose to make uniform the law of those states which enact it and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees." Section 13–51–104, C.R.S. (1987 Repl.Vol. 6A). Therefore, in construing it, we refer to pertinent case law from other jurisdictions with similar statutes.

Section 13–51–102, C.R.S. (1987 Repl.Vol. 6A) sets forth the purpose of the Act:

"This article is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered."

Sections 13–51–106 through 13–51–108, C.R.S. (1987 Repl.Vol. 6A) detail certain situations in which a declaratory judgment action is appropriate. Section 13–51–106 provides as follows:

"Any person interested under a ... written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a ... contract ... may have determined any question of construction or validity arising under the instrument ... and obtain a declaration of rights, status, or other legal relations thereunder."

■ This section promotes a primary purpose of the Act: to provide a speedy, efficient, and accessible means of resolving controversies which depend on the validity or interpretation of some written instrument or law. *Toncray v. Dolan,* 197 Colo. 382, 593 P.2d 956 (1979). However, this is not the only purpose of the Act, as clarified in § 13–15–109, C.R.S. (1987 Repl.Vol. 6A):

"The enumeration in sections 13–51–106 to 13–51–108 does not limit or restrict the exercise of the general powers conferred in section 13–51–105, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

Section 13–51–105, C.R.S. (1987 Repl.Vol. 6A), in turn, authorizes courts within their respective jurisdictions "to declare rights, status, and other legal relations...." The exercise of this authority is within the discretion of the trial court, *Troelstrup v. District Court,* 712 P.2d 1010 (Colo.1986), and the statute itself does not restrict the courts' discretionary jurisdiction to cases concerned with a strictly legal interpretation of written instruments.

The lack of such a restriction has been particularly noticeable in cases presenting questions involving insurance policies. *See Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *Columbia Casualty Co. v. Zimmerman,* 62 So.2d 338 (Fla.1953) (Terrell, J. dissenting). As stated by the United States Supreme Court in *Aetna Life Insurance Co. v. Haworth, supra:*

"That the dispute turns upon questions of fact does not withdraw it, as the respondent seems to contend, from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is everyday practice."

■ Consistent with the broad scope set forth in § 13–15–109, C.R.S. (1987 Repl.Vol. 6A), jurisdiction may be assumed over a declaratory judgment action brought by an insurance company to determine its liability under a policy, even if the determinative issues are solely factual, as long as a judgment or decree will terminate the controversy or remove an uncertainty. *Liberty Mutual Insurance Co. v. S.G.S. Co.,* 456 Pa. 94, 318 A.2d 906 (1974); *see Troelstrup v. District Court, supra; O'Herron v. State Farm Mutual Automobile Insurance Co.,* 156 Colo. 164, 397 P.2d 227 (1964); *Allstate Insurance Co. v. Troelstrup,* 768 P.2d 731 (Colo.App.1988); *United States Fire Insurance Co. v. Dace,* 305 N.W.2d 50 (S.D.1981); *contra State Farm Fire & Casualty Co. v. Fuller,* 150 Ga. App. 387, 258 S.E.2d 13 (1979); *Columbia Casualty Co. v. Zimmerman, supra.*

Here, the declaratory judgment action was of a straightforward nature, involving

no ancillary parties or issues, such that the controversy over whether American Family was liable to the Bowsers under the policy could be, and was, terminated. Thus, the trial court did not abuse its discretion in assuming jurisdiction even though the determinative issues may have been factual.

### B.

The Bowsers also maintain that the court abused its discretion in accepting jurisdiction because American Family had not denied coverage under the policy and, hence, no justiciable controversy existed. Again, we disagree.

The question of whether a justiciable controversy exists in the context of a declaratory judgment action concerns "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). It is not necessary that the controversy have ripened into litigation before the declaratory judgment action is filed, but only that there be an existing state of facts concerning the legal rights of the parties that indicates threatened litigation in the immediate future. *Simmonds Aerocessories, Ltd. v. Elastic Stop Nut Corp.*, 257 F.2d 485 (3rd Cir.1958); *Ainsworth v. Oil City Brass Works*, 271 S.W.2d 754 (Tex.Civ.App.1954). "Such a controversy exists where the court is asked to determine an insurer's liability" after the insured has requested payment. *Unsatisfied Claim & Judgment Fund Board v. Concord Insurance Co.*, 110 N.J.Super. 191, 264 A.2d 757 (1970).

Here, the Bowsers had requested payment under their policy. American Family had determined that it had sufficient evidence to show that the fire was the result of arson and that the Bowsers had a motive to have caused it, and that it therefore did not intend unilaterally to admit liability. Thus, the parties had adverse legal interests based on a completed set of facts, and the controversy was justiciable.

### C.

The Bowsers finally argue that it is sound public policy to restrict insurance company access to the declaratory judgment procedure when the company's purpose is "merely to see if a jury will permit it to deny a claim made by an insured." Again, we disagree.

The declaratory judgment procedure was established primarily "to provide a ready and speedy remedy, in cases of actual controversy, for determining issues and adjudicating the legal rights, duties, or status of the respective parties, before controversies with regard thereto lead to the repudiation of obligations, the invasion of rights, and the commission of wrongs." *People ex rel. Inter–Church Temperance Movement v. Baker*, 133 Colo. 398, 297 P.2d 273 (1956). It provides an early relief from uncertainty as to the future obligations for one who would normally be a defendant and who otherwise would not have his questions adjudicated until his adversary takes the initiative. *King Kup Candies v. H.B. Reese Candy Co.*, 134 F.Supp. 463 (D.Pa.1955). It is a procedural, not a substantive, remedy. *Aetna Life Insurance Co. v. Haworth, supra.*

In a case involving a determination of liability under an insurance policy, "the character of the controversy ... is essentially the same whether it is presented by the insured or the insurer." *Aetna Life Insurance Co. v. Haworth, supra.* The burden of proof as to the factual matters rests with the same party. *See* § 13–51–113, C.R.S. (1987 Repl.Vol. 6A).

Accordingly, regardless of the kind of action, an insurer seeking to escape liability for fire damage on the basis of arson has the burden of establishing that the insured set or conspired to set the fire. *See Klayman v. Aetna Casualty & Surety Co.*, 501 P.2d 750 (Colo.App.1972) (not selected for official publication). Likewise, the insured's right to a jury trial, *see Baumgartner v. Schey*, 143 Colo. 373, 353

P.2d 375 (1960), and to recover attorney fees, *see Allstate Insurance Co. v. Robins,* 42 Colo.App. 539, 597 P.2d 1052 (1979), is not affected by the nature of the procedure.

In spite of the similarity in character between a proceeding brought by the insured and by the insurers, the Bowsers argue that a declaratory judgment action brought by the insurer to determine whether it is liable under a policy gives the insurer subtle, unjustified advantages. Primarily, they assert that the opportunity to bring such an action encourages the insurer to abandon its fiduciary relationship to the insured, including its duty to make reasonable investigation, and to substitute therefor an adversarial relationship.

■ However, we conclude that any such temptation to the insurer is tempered by the legal protections for the insured. The insurer's duty of good faith is independent of its opportunity to file declaratory judgment actions. *See Savio v. Travelers Insurance Co.,* 678 P.2d 549 (Colo.App. 1983). The same requirements of reasonable investigation and good faith payment apply to an insurer regardless of whether it formally notifies the insured that it is denying coverage or whether it files a declaratory judgment action. In the latter situation, the complaint itself is a denial of the insured's claim and states the bases for the denial. If the insurer delays payment and files such an action without reasonable justification, it will be liable in tort for bad faith. *Savio v. Travelers Insurance Co., supra.*

With respect to this case, we also note that it would be poor public policy and an exercise in futility to send the case back "to technically change its caption." *Beeson v. State Automobile & Casualty Underwriters,* 32 Colo.App. 62, 508 P.2d 402, *aff'd,* 183 Colo. 284, 516 P.2d 623 (1973).

In light of the Declaratory Judgment Act's purpose of hastening the resolution of disputes and its safeguards to avoid changing the character of the controversy, we cannot agree with the Bowsers that public policy requires limiting the use of declaratory judgment actions in circumstances such as those at issue here.

## II.

■ The Bowsers next contend that, even if acceptance of jurisdiction over the declaratory judgment action was proper, the judgment must be reversed because the verdict was not supported by the evidence and was based on improper jury instructions. We disagree.

The relevant instruction provided that the jury must return a verdict for American Family if it found by a preponderance of the evidence (1) that the Bowsers made false statements as to some material fact for the purpose of inducing the insurer to pay more than the amount of loss sustained, (2) that the fire was "carried out by or at the direction of either defendant," and (3) that defendants failed to provide access to documents requested by the insurer.

### A.

With respect to the sufficiency of the evidence, our analysis of the record reveals that the jury verdict for American Family is supported on each of the grounds listed in the instruction.

The credibility of witnesses, the weight to be given the testimony, and the inferences to be drawn from the evidence are all matters for the trier of fact. Accordingly, since the jury's verdict is supported by the record, it will not be disturbed on appeal. *See Lawson v. State Farm Fire & Casualty Insurance Co.,* 41 Colo.App. 362, 585 P.2d 318 (1978).

### B.

■ With respect to the jury instruction, the Bowsers contend that the second part of it was erroneous in stating that the verdict must be for American Family if the fire was caused by *either* Jerry Bowser or Carla Bowser, thus eliminating the possibility of recovery by Mrs. Bowser as an innocent co-insured.

 While we acknowledge that an innocent co-insured may be entitled to recover if the rights and obligations under the policy are several and no policy exclusion applies, *Republic Insurance Co. v. Jernigan,* 719 P.2d 331 (Colo.App.1985), *aff'd,* 753 P.2d 229 (Colo.1988), we disagree that the instruction requires reversal in this case.

 The Bowsers neither objected to the instruction nor tendered an instruction concerning recovery by either defendant as an innocent co-insured. Parties must make objections to any proposed instructions before they are submitted to the jury, and only grounds so specified will be considered on appeal. C.R.C.P. 51; *Ross v. Colorado National Bank,* 170 Colo. 436, 463 P.2d 882 (1969).

We see no reason to make an exception to the rule here. The Bowsers' most recent insurance policy excluded coverage for any loss "arising by or at the direction of *any* insured. . . ." (emphasis supplied) Although the Bowsers claimed they were unaware of this changed provision in the policy and that an earlier policy should apply, American Family submitted evidence that special notice had been sent at the time the new policy was to take effect.

We have examined the Bowsers' remaining allegations of error and conclude that they are without merit.

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.