Bobbie Eugene PRUITT, Petitioner–Appellant,

v.

Bradley ROCKWELL and Colorado Department of Corrections, Respondents–Appellees.

No. 93CA2041.

Colorado Court of Appeals, Div. V.

Nov. 3, 1994.

Bobbie Eugene Pruitt, pro se.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Rumaldo R. Armijo, Asst. Atty. Gen., Denver, for respondents-appellees.

Opinion by Judge TAUBMAN.

In this action for inspection of records under the Colorado Open Records Act, petitioner, Bobbie Eugene Pruitt, appeals the summary judgment entered in favor of respondents, Bradley Rockwell and the Colorado Department of Corrections. We affirm in part, reverse in part, and remand for further proceedings.

Petitioner requested respondents to make certain materials available for his inspection pursuant to the Colorado Open Records Act,

§ 24–72–101, et seq., C.R.S. (1988 Repl.Vol. 10B). Petitioner requested numerous educational and financial aid publications and information concerning state and local libraries that are depository libraries for the Library of Congress.

Respondents did not respond to petitioner's request. Petitioner filed an order to show cause pursuant to § 24–72–204(5), C.R.S. (1988 Repl.Vol. 10B).

In response, respondents filed a motion for summary judgment, attaching an affidavit from Rockwell, a staff attorney for the Department of Corrections. The affidavit stated that one of the requested documents did not exist, two were already available to petitioner in the Department of Corrections law library, and none of the remaining documents was made, maintained, or kept by the Department of Corrections for use in the exercise of any function. Respondents argued, based on the affidavit, that, as a matter of law, the materials did not constitute "public records" under the Act.

The trial court initially denied respondents' motion for summary judgment on the basis that there were genuine issues of material fact in dispute. Subsequently, however, the trial court conducted a limited evidentiary hearing following which it reversed its previous order and granted the motion. Based on respondents' affidavit, the trial court concluded that none of the requested documents was a "public record."

## I.

Petitioner contends the trial court erred in granting summary judgment. We agree.

▪ As stated in the legislative declaration of the Open Records Act, it is the public policy of this state that all public records shall be open for inspection and copying by any person at reasonable times except as specifically provided for by the Act itself or otherwise specifically provided by law. Section 24–72–201, C.R.S. (1988 Repl.Vol. 10B); *Denver Publishing Co. v. Dreyfus,* 184 Colo. 288, 520 P.2d 104 (1974).

The term "public records" under the Act means "all writings made, maintained, or kept by the state or any agency, institution, or political subdivision thereof for use in the exercise of functions required or authorized by law or administrative rule or involving the receipt or expenditure of public funds." Section 24–72–202(6), C.R.S. (1988 Repl.Vol. 10B).

▪ The Act strikes a balance between the statutory right of members of the public to inspect and copy public records and the administrative burdens that may be placed upon state agencies in responding to such requests. Under the Act, all public records, with certain exceptions, "shall be open for inspection by any person at reasonable times...." Section 24–72–203(1), C.R.S. (1988 Repl.Vol. 10B). Section 24–72–203(1) further permits the records custodian to make such rules and regulations as are reasonably necessary for the protection of such records and the prevention of unnecessary interference with the regular discharge of the custodian's duties of her office. Additionally, § 24–72–204, C.R.S. (1988 Repl.Vol. 10B) sets forth numerous statutory exemptions for denying inspection of records.

Within this statutory scheme, § 24–72–203(2), C.R.S. (1988 Repl.Vol. 10B), at issue here, provides:

If the public records requested are not in the custody or control of the person to whom application is made, such·person shall forthwith notify the applicant of this fact, in writing if requested by applicant. In such notification he shall state in detail to the best of his knowledge and belief the reason for the absence of the records from his custody or control, their location, and what person then has custody or control of the records.

Apart from evidence on other matters presented at the motion hearing, the only evidence presented to the trial court was the affidavit which stated that *respondents* did not maintain the requested materials. However, the Act defines "public records" in terms of whether the *state* or *any* agency thereof maintains the record.

▪ The definition of a public record is not limited to whether the respondent agency maintains the requested record. Section 24–

72–202(6); *see also International Brotherhood of Electrical Workers Local 68 v. Denver Metropolitan Major League Baseball Stadium District,* 880 P.2d 160 (Colo.App. 1994) (agency that had "full access" to requested documents was obligated to produce those documents).

■ The trial court reached its conclusion that the requested documents were not "public records" based only upon evidence which demonstrated that the records were not made, maintained, or kept by the Department of Corrections. No evidence was presented with respect to records of the state or any other state agency. Thus, there was insufficient evidence before the trial court for it to conclude as a matter of law that the requested records were not "public records" under the Act. *See Continental Air Lines Inc. v. Keenan,* 731 P.2d 708 (Colo.1987) (the party moving for summary judgment has the burden of demonstrating that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law); C.R.C.P. 56(c).

Thus, the trial court's conclusion that none of the records was a "public record" was in error.

Further, respondents did not demonstrate that they complied with all of the procedural requirements of the Act. Petitioner's record request asked respondents, in accordance with the requirements of § 24–72–203(2) to notify him in writing, to the best of respondents' knowledge and belief, of the location of the requested records, and what person has custody or control of such records. It appears from the record before us that respondents failed to comply with this requirement of the Act.

■ Compliance with § 24–72–203(2) does not place an unreasonable administrative burden upon a state agency. In our view, § 24–72–203(2) does not impose upon respondents any obligation to investigate outside of the Department of Corrections for the requested documents or to undertake a special search to locate the requested documents.

Rather, if the respondents do not have any knowledge as to the possible location of the requested records, they merely need to so notify the petitioner. If, on the other hand, respondents have a reasonable basis to believe that another state agency might maintain or have access to the requested records, respondents can satisfy their obligation under the Act by referring petitioner to that agency. Here, for example, the Department of Education may have many of the records requested by petitioner.

II.

The trial court additionally concluded that certain of the materials requested by petitioner required the creation or compilation of documents and that respondents were not obligated to create or compile documents under the Open Records Act. Petitioner challenges those conclusions, but we need not address the issues raised because respondents have failed to meet their initial burden of complying with the requirements of § 24–72–203(2). As noted, the fact that the Department of Corrections does not have the requested documents does not mean that another agency might not have them. If, on remand, it is determined that another state agency has the requested materials, the question of whether records have to be created or compiled would be moot.

III.

■ The trial court also concluded that one of the requested records was not a document. This request asked for written approval by the Commission of Education or the supreme court certifying or accrediting Rockwell as an "accredited law school" for the purpose of enabling him to request that the Superintendent of Documents designate him as a depository library under federal law. It was not error for the trial court to conclude, based on the request and respondents' affidavit, that there was no such existing document or "writing." *See* § 24–72–202(7), C.R.S. (1988 Repl.Vol. 10B).

IV.

■ Finally, the trial court found that two of the requested records were available through the Department of Corrections law

library. However, these records were not actually available to petitioner at the time of respondents' response because he was an inmate confined in administrative segregation. Since the record indicates that petitioner, although still an inmate, is no longer so confined, respondents are obligated to make these records open to inspection by him at a reasonable time. Section 24–72–203(1), C.R.S. (1988 Repl.Vol. 10B).

Because of our determination that the grant of summary judgment was in error with respect to all but the request for a document found not to exist, we need not address petitioner's remaining assignments of error.

The judgment of the trial court is affirmed as to the request for a document found not to exist. As to all of the remaining record requests, the judgment is reversed, and the cause is remanded for further proceedings.

RULAND and BRIGGS, JJ., concur.