**Nancy BODELSON, Jefferson County Coroner, Plaintiff–Appellee,**

v.

**CITY OF LITTLETON, a Colorado municipal corporation, Defendant–Appellant.**

**No. 00CA1945.**

Colorado Court of Appeals, Div. V.

Oct. 11, 2001.

Frank J. Hutfless, County Attorney, Timothy P. Cox, Assistant County Attorney, Golden, CO, for Plaintiff–Appellee.

Larry W. Berkowitz, City Attorney, Brad D. Bailey, Assistant City Attorney, Littleton, CO, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

In this declaratory judgment action, defendant, the City of Littleton, appeals the judgment requiring it to provide copies of ambulance trip reports to plaintiff, Nancy Bodelson, the Jefferson County Coroner. We affirm.

The city's ambulance service responded to an emergency call in unincorporated Jefferson County. Because the victim had died without an attending physician, plaintiff was required to perform an autopsy. As a routine part of her investigation, plaintiff requested copies of the trip reports filed by the emergency medical technicians who had re-

sponded to the call. Claiming that a provision of the Colorado Open Records Act (CORA), § 24–72–204(3)(a)(I), C.R.S.2001, prohibited disclosure of the reports, defendant refused.

Plaintiff then filed this action seeking a declaratory judgment. She asserted that § 30–10–606(6), C.R.S.2001, authorizes her to obtain ambulance trip reports because the ambulance crews are health care providers and the reports are medical records relevant to her investigation. On cross-motions for summary judgment, the trial court entered judgment in favor of plaintiff. This appeal followed.

Defendant contends that the trial court erred in granting summary judgment for plaintiff. Specifically, defendant argues that it may not disclose the ambulance trip reports to plaintiff because CORA, while generally allowing the public access to government records, expressly prohibits the disclosure of "medical records" to anyone other than the patient. We disagree.

■■■ Neither party contends that there are genuine issues of material fact. The issue is thus whether plaintiff was entitled to judgment as a matter of law. Appellate review of a summary judgment is *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995). And, our review of the trial court's interpretation of a statute is also *de novo. Rowell v. Clifford,* 976 P.2d 363 (Colo. App.1998).

■■■ When interpreting a statute, we attempt to implement the intent of the General Assembly. To discern that intent, we look first to the plain language of the statute and interpret statutory terms in accordance with their commonly accepted meanings. *Sears v. Romer,* 928 P.2d 745 (Colo.App.1996). If the words used are plain and unambiguous, our task is accomplished by giving effect to their commonly accepted meanings. *Brock v. Nyland,* 955 P.2d 1037 (Colo.1998). We must avoid a strained or forced construction of a statutory term, and we must look to the context in which a statutory term is employed. *Miller v. Byrne,* 916 P.2d 566 (Colo. App.1995). And, when statutes on the same

subject are potentially conflicting, we must reconcile the statutes, if possible, to avoid an inconsistent or absurd result. *In re Marriage of Ford,* 851 P.2d 295 (Colo.App.1993).

■ The general purpose of CORA, § 24–72–201, et seq., C.R.S.2001, is to allow disclosure of records to the public. Exceptions to CORA must be narrowly construed. *Sargent Sch. Dist. No. RE–33J v. Western Services, Inc.,* 751 P.2d 56 (Colo.1988); *Bodelson v. Denver Publ'g Co.,* 5 P.3d 373 (Colo.App. 2000).

As pertinent here, § 24–72–204(3)(a), C.R.S.2001, provides that "[t]he custodian shall deny the right of inspection of the following records, unless *otherwise provided by law* . . . (I) Medical . . . data on individual persons" (emphasis added).

Section 30–10–606(6)(a), C.R.S.2001, upon which plaintiff relies, provides in pertinent part that:

> Notwithstanding the provisions of sections 12–43–218 and 13–90–107(1)(d) or (1)(g), C.R.S., the coroner holding an inquest or investigation pursuant to this section has the authority to request and receive a copy of:
>
> (I) Any autopsy report or medical information from any pathologist, physician, dentist, hospital, or health care provider or institution if such report or information is relevant to the inquest or investigation
>
> . . . .

Here, it is undisputed that plaintiff is conducting an investigation, that the ambulance trip reports are relevant to the investigation, and that emergency medical technicians and paramedics on ambulance crews are health care providers within the meaning of §§ 15–14–505(6) and 10–16–102(36), C.R.S.2001. Thus, the only issue is whether the provisions of § 30–10–606(6)(a) grant plaintiff access to medical information that CORA otherwise protects from disclosure.

By its plain language, § 24–72–204(3)(a) prohibits the disclosure of medical records "unless otherwise provided by law." Section 30–10–606(6)(a) expressly provides otherwise, granting the coroner's office access to medical information from health care providers.

Consequently, we agree with the trial court that plaintiff may obtain access to the ambulance trip reports.

 We find further support for our conclusion in the principle that statutes should not be interpreted to reach an absurd result. *See Denver Post Corp. v. Stapleton Development Corp.*, 19 P.3d 36 (Colo.App.2000). Were we to adopt defendant's construction of the statutes, plaintiff would be able to access medical records from private physicians, hospitals, and ambulance services, which are not subject to CORA, but not from their public counterparts. In our view, that result would be absurd and one the General Assembly did not intend.

We also reject defendant's contention that the phrase "Notwithstanding the provisions of sections 12–43–218 and 13–90–107(1)(d) or (1)(g), C.R.S." in the opening sentence of § 30–10–606(6)(a) limits the application of that statute to situations in which there is a physician-patient privilege or mental health care provider-patient privilege.

That phrase is meant to allow operation of this particular statutory provision regardless of the existence of a privilege, and § 30–10–606(6) does not indicate a legislative intent to otherwise limit the scope of the provision.

The judgment is affirmed.

Judge KAPELKE and Judge VOGT concur.