**CITIZENS PROGRESSIVE ALLIANCE and Steve Cone, Plaintiffs–Appellants,**

v.

**SOUTHWESTERN WATER CONSERVATION DISTRICT, Lynn Herkenhoff, and John Porter, Defendants–Appellees.**

No. 02CA2540.

Colorado Court of Appeals, Div. V.

March 25, 2004.

Rehearing Denied April 22, 2004.

Certiorari Denied Aug. 30, 2004.*

* Justice HOBBS does not participate.

Alison Maynard, Denver, Colorado, for Plaintiffs–Appellants.

Hill & Robbins, P.C., David W. Robbins, Jennifer H. Hunt, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge VOGT.

In this action arising out of a request for public records under the Colorado Open Records Act (CORA), § 24–72–101, et seq., C.R.S.2003, plaintiffs, Citizens Progressive Alliance (CPA) and Steve Cone, appeal a trial court judgment in favor of defendants, Southwestern Water Conservation District (SWCD), Lynn Herkenhoff, and John Porter. We affirm.

SWCD has for several years supported construction of the Animas–La Plata Project to provide water to Indian tribes and others in southwestern Colorado and northwestern New Mexico. On Saturday, November 17, 2001, SWCD received an e-mail request from Cone, acting on behalf of CPA, for copies of "all writings (other than those addressing Endangered Species Act issues) involving correspondence" with .officials of the Navajo Nation. Upon SWCD's request for clarification, Cone replied that, "to begin with, CPA

is interested in all documents from January 1990 to date."

On November 21, SWCD advised Cone and CPA that the request was not in compliance with SWCD's policy for access to public records, and provided them with a copy of the policy. SWCD also stated in the letter that copying costs would "easily exceed the $20 limit referenced in the request" in light of the volume of documents requested. Finally, SWCD told Cone and CPA that "[b]ecause of the reference in your request to [CORA] penalty provisions, and in an attempt to clarify its rights and responsibilities" under CORA and the policy, SWCD was filing a petition for declaratory judgment and injunctive relief.

In its petition, filed the same day, SWCD alleged that CPA's records request was "impossibly broad" and not in compliance with SWCD's records access policy, and that it could not comply with the request within the CORA time limits. It sought a declaration that it was not required to respond to the request or, in the alternative, that it had an additional sixty days beyond the CORA time limits within which to respond. SWCD also requested an injunction prohibiting CPA from enforcing CORA penalty provisions in relation to its request.

CPA thereafter applied to the court for an order directing SWCD to show cause why it should not grant immediate access to the requested records and pay CPA's costs and attorney fees for violations of CORA. The trial court consolidated the two cases and realigned the parties.

While the consolidated cases were pending, a contract paralegal hired by SWCD searched SWCD's files to locate responsive documents. Documents were produced for CPA's inspection on January 19 and February 10, 2002. CPA was billed $723 for the 36.15 hours spent by the paralegal to research the records and retrieve the documents.

In November 2002, following a bench trial, the trial court found that plaintiffs' CORA request did not comply with SWCD's policy, which was a valid regulation under CORA; that SWCD's November 21, 2001, letter was a timely response to plaintiffs' request; that the fee charged for the paralegal's time was reasonable; and that SWCD had produced all documents responsive to the request.

## I.

Plaintiffs contend the trial court erred in failing to dismiss SWCD's complaint for declaratory and injunctive relief because (1) CORA provides the exclusive remedy for resisting a public records request, and (2) SWCD suffered no injury in fact and therefore lacked standing to bring its action. We do not agree.

Under the Uniform Declaratory Judgments Law, § 13–51–101, et seq., C.R.S.2003, "[a]ny person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder." Section 13–51–106, C.R.S.2003; *see also* C.R.C.P. 57(b).

■ In addition to interpreting statutes and written instruments, a trial court may exercise its discretionary power to "declare rights, status, and other legal relations whether or not further relief is or could be claimed," § 13–51–105, C.R.S.2003, in any proceeding where declaratory relief is sought and the judgment would terminate the controversy or remove an uncertainty. Section 13–51–109, C.R.S.2003; *see American Family Mut. Ins. Co. v. Bowser,* 779 P.2d 1376 (Colo.App.1989).

■ The purpose of the declaratory judgments law is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations," and it is therefore to be liberally construed and administered. Section 13–51–102, C.R.S. 2003; *see Toncray v. Dolan,* 197 Colo. 382, 384, 593 P.2d 956, 957 (1979)(taxpayers' action seeking declaration that regulation was invalid as inconsistent with surtax statute was "well within the purpose of declaratory judgment").

■ As for the issue of standing in declaratory judgment actions, although the re-

quired showing of demonstrable injury is somewhat relaxed, and although one need not risk the imposition of fines or imprisonment in order to secure the adjudication of uncertain legal rights, a party seeking declaratory relief must nevertheless demonstrate that the challenged statute or regulation will likely cause tangible detriment to conduct or activities that are presently occurring or are likely to occur in the near future. *Mt. Emmons Mining Co. v. Town of Crested Butte,* 690 P.2d 231 (Colo.1984); *see Board of County Commissioners v. Bowen/Edwards Associates, Inc.,* 830 P.2d 1045, 1053 (Colo.1992)(party seeking declaratory judgment on validity of regulatory scheme need not violate regulation, and thus become subject to punishment, in order to secure adjudication of uncertain legal rights; rather, injury-in-fact element of standing is established when allegations of complaint and other evidence show that "the regulatory scheme threatens to cause injury to the plaintiff's present or imminent activities"); *Villa Sierra Condominium Ass'n v. Field Corp.,* 878 P.2d 161 (Colo.App.1994)(there must be a presently existing controversy before declaratory relief may enter; fact that some controversy may arise in the future is not sufficient to allow a party to invoke court's declaratory jurisdiction).

We agree with the trial court that SWCD had standing to seek declaratory and injunctive relief, and we conclude that the court did not abuse its discretion in granting the requested relief.

■ SWCD sought a declaration of its rights and obligations under CORA. Such a declaration is a type of relief expressly contemplated under the declaratory judgments law. SWCD is an entity whose rights were affected by a request made pursuant to CORA. SWCD had a legitimate basis for believing that it could not respond to the request within the CORA time limits because of the breadth of, and lack of specificity in, the request.

In these circumstances, SWCD was entitled to have the court determine whether it was required under CORA to respond to that request within the statutory time limits; and it did not have to risk the monetary and other sanctions it would face upon failure to comply with CORA, *see* § 24–72–204(5), C.R.S.2003 (attorney fees and costs against custodian who improperly denies right to inspect public record); § 24–72–206, C.R.S. 2003 (criminal penalties for willful and knowing violation of CORA), before it could seek declaratory relief. *See Mt. Emmons Mining Co. v. Town of Crested Butte, supra.*

Moreover, SWCD demonstrated more than "a mere possibility of a future legal dispute over some issue." *See Board of County Commissioners v. Bowen/Edwards Associates, Inc., supra,* 830 P.2d at 1053. Plaintiffs' original records request had cited the CORA sanctions applicable to custodians who violated its provisions; SWCD had determined it could not comply with the request; and it faced the sanctions cited by plaintiffs if it improperly failed to comply. Indeed, plaintiffs alleged in their show cause application, albeit after SWCD's declaratory judgment complaint was filed, that they were entitled to their attorney fees and costs because SWCD's denial of inspection was arbitrary and capricious. Thus, the trial court could properly conclude that SWCD had standing to seek declaratory relief.

■ We do not agree with plaintiffs that declaratory relief was unavailable in light of § 24–72–204(6)(a), C.R.S.2003, the CORA provision that permits a records custodian to apply to a court for an order restricting disclosure of a requested record on the grounds that such disclosure would "do substantial injury to the public interest." SWCD did not claim disclosure would do substantial injury to the public interest and did not seek to have disclosure prohibited if a request in compliance with its policy were made. Thus, the statute on its face appears not to be applicable.

Plaintiffs' argument to the contrary relies on language in *People in Interest of A.A.T.,* 759 P.2d 853, 855 (Colo.App.1988), stating that § 24–72–204(5) & (6), C.R.S.2003, "provide the exclusive procedures for persons requesting records and records custodians to resolve disputes concerning record accessibility." We do not read *A.A.T.* as precluding

SWCD from seeking declaratory relief in the circumstances presented here.

The issue in *A.A.T.* was whether a dispute over a CORA records request could be resolved by means of a motion filed in an ongoing action for termination of parental rights. The division held that it could not, and that, under § 24–72–204(5) & (6), the dispute had to be resolved by filing a separate independent action in the appropriate district court. *A.A.T.* did not address the propriety of filing a declaratory judgment action in the factually different circumstances presented here. We also note that neither § 24–72–204(6)(a) nor any other CORA provision precludes proceeding by way of a declaratory judgment action. *See Bodelson v. City of Littleton,* 36 P.3d 214 (Colo.App.2001)(county coroner filed declaratory judgment action against city after city refused her CORA request).

While we recognize the potential for abuse if records custodians are allowed to file declaratory judgment actions simply to avoid or delay having to comply with a legitimate CORA request, we do not view this as such a case. Here, as noted, SWCD had a legitimate basis for concluding that compliance with the request within the CORA time limits was not physically possible. In these circumstances, the trial court could properly entertain a complaint for declaratory relief even if doing so could result in delay in the production of documents. *See Midwest Mut. Ins. Co. v. Murry,* 971 P.2d 295 (Colo.App.1998)(rejecting argument that insurer's declaratory judgment action was improper attempt to circumvent its statutory obligation to pay benefits within thirty days).

## II.

Plaintiffs next contend the trial court erred in upholding SWCD's records policy as a valid regulation under CORA and in finding that SWCD had not violated CORA. They argue that the policy was not a reasonable regulation governing the manner of access to records, but in fact denied access; that the November 21, 2001, letter to Cone was not a timely and adequate response to CPA's records request; and that the only remedy under CORA for an overbroad records request is the brief time extension provided in § 24–72–203(3), C.R.S.2003. We are not persuaded.

### A.

Under § 24–72–203(1)(a), C.R.S.2003, public records are to be open for inspection by any person at reasonable times. However, the statute permits the records custodian to "make such rules with reference to the inspection of such records as are reasonably necessary for the protection of such records and the prevention of unnecessary interference with the regular discharge of the duties of the custodian or the custodian's office."

Thus, CORA strikes a balance between the statutory right of members of the public to inspect and copy public records and the administrative burdens that may be placed upon government agencies in responding to such requests. *Pruitt v. Rockwell,* 886 P.2d 315 (Colo.App.1994).

The SWCD policy at issue in this case requires, as pertinent here, that requests for information be in writing and be "specific as to the information desired"; spells out the procedures for requesting, inspecting, and photocopying records (e.g., no removal of original records from SWCD office; inspection by appointment during normal working hours); permits SWCD to levy "a reasonable fee for research and retrieval services"; and provides that information requests "will not take priority over previously scheduled work activities of the District."

By requiring specificity in records requests, spelling out reasonable procedures, and providing that such requests will not take priority over SWCD's previously scheduled work activities, the policy is consistent with the statutory authorization in § 24–72–203(1)(a) and with *Pruitt's* recognition of the need for a balance between the public's right to inspect public records and the administrative burdens that may be placed on government agencies responding to such requests.

While CORA does not allow a records custodian to promulgate a policy that denies access to otherwise accessible public records or contravenes the statutory requirements

for responding to records requests, SWCD's policy does neither. Although plaintiffs contend the policy denies access to SWCD records, there is no provision in the policy that can be read as a denial of access. Moreover, no evidence was presented to the trial court that SWCD had ever failed to provide access in response to record requests conforming with its policy; and although plaintiffs in this case did not receive all responsive documents until nearly three months after their initial request, they were not denied access.

Thus, we agree with the trial court that the policy was not facially invalid under CORA. We note, however, that the trial court's determination does not foreclose future challenges to SWCD's reliance on the policy in circumstances different from those present here.

### B.

■ We similarly conclude that SWCD was not subject to sanctions for failing to respond to plaintiffs' records request within CORA time limits.

Under § 24–72–203(3), a records custodian must notify a party requesting public records if the records are not readily available and, if asked to do so, must make the records available for inspection within a reasonable time after the request. A reasonable time is presumed to be three working days or less, but may be extended to seven working days if extenuating circumstances exist. Extenuating circumstances are present when there is a broadly stated request, encompassing all or substantially all of a large category of records, so that the custodian cannot reasonably prepare or gather the records within the three-day period.

Section 24–72–204(4), C.R.S.2003, provides: "If the custodian denies access to any public record, the applicant may request a written statement of the grounds for the denial, which statement shall cite the law or regulation under which access is denied and shall be furnished forthwith to the applicant."

As set forth above, on November 21, 2001, the third working day after plaintiffs e-mailed their request, counsel for SWCD sent plaintiffs a letter advising them that their request was not in compliance with SWCD's policy, enclosing a copy of the policy, explaining why the request was insufficiently specific and why SWCD could not immediately respond, and notifying plaintiffs that SWCD was seeking declaratory relief to clarify its rights and responsibilities under CORA and the policy.

To the extent the letter is construed as a temporary denial of access pending conformity with SWCD's policy requirement of specificity, it complied with § 24–72–204(4). Further, as the trial court found, the letter was sent within the three-day time period provided under § 24–72–203(3)(b), C.R.S.2003, for responding to requests for records that are not readily available.

We do not agree with plaintiffs that SWCD was thereafter required to produce the requested records within the three- or seven-day time limits of § 24–72–203(3)(b) or face sanctions for failing to do so.

SWCD offered testimony in the trial court to support its contention that it was impossible to respond even to plaintiffs' modified request within seven days. SWCD's administrative assistant testified regarding its records and what would have to be done to locate documents responsive to plaintiffs' request. SWCD's general counsel testified that it would have been "physically impossible to collect responsive documents within a week."

The trial court agreed with SWCD that the document request was "impossibly broad" and found that identification of documents responsive to the request would require that every document in SWCD's files from 1990 forward be read for content. This finding is supported by the record and is therefore binding on review. *See Black v. Southwestern Water Conservation District,* 74 P.3d 462 (Colo.App.2003)(findings of fact must be accepted on review unless they are so clearly erroneous as not to find support in the record).

We conclude that a records custodian cannot be sanctioned for failure to comply with the time limits in § 24–72–203(3)(b) in situations where, as here, compliance with a request within those time limits was found by

the trial court to be a physical impossibility. *See Colo. Dep't of Revenue v. Garner,* 66 P.3d 106 (Colo.2003)(statutory interpretations that lead to absurd results are to be avoided).

## III.

Plaintiffs challenge numerous factual findings made by the trial court, contending that they are unsupported by substantial evidence. We find no basis for reversal.

As noted, a trial court's factual findings must be accepted on review unless they are so clearly erroneous as not to find support in the record. *Black v. Southwestern Water Conservation District, supra.*

Upon review of the record, we conclude there is ample support for the trial court's findings as to the breadth of plaintiffs' request and the difficulties SWCD faced in attempting to comply with the request. We further conclude that any misstatements by the trial court regarding the identity of witnesses or the dates when certain events occurred did not affect the trial court's ultimate conclusions of law, and accordingly do not rise to the level of error affecting plaintiffs' substantial rights. *See* C.A.R. 35(e).

In addition, the trial court's finding that SWCD produced all documents responsive to plaintiffs' request is not clearly erroneous. Although plaintiffs relied on evidence supporting their assertion that there must have been documents that were not produced, both SWCD's general counsel and the paralegal hired to complete the records search testified that all responsive documents were produced. The trial court found counsel's testimony in this regard credible, and we defer to its credibility determination on review. *See* C.R.C.P. 52; *Reid v. Pyle,* 51 P.3d 1064 (Colo.App.2002).

## IV.

Plaintiffs finally contend that the $20 per hour research and retrieval fee charged by SWCD was unauthorized. However, in *Black v. Southwestern Water Conservation District, supra,* the division rejected an argument, made by other parties who had re-

quested SWCD records, that SWCD's fee was impermissible under CORA. The fee at issue in *Black* was described as "$15.00 per hour and $20.00 per hour for exceptionally voluminous requests." *Black v. Southwestern Water Conservation District, supra,* 74 P.3d at 471. We agree with the rationale and the result in *Black* and conclude that it is dispositive of plaintiffs' contention here.

## V.

At oral argument before this court, SWCD moved to strike plaintiffs' "supplemental authority," filed and mailed to SWCD five business days before the argument. In the document, plaintiffs discuss cases from other jurisdictions and make additional argument regarding the issues in this case. Because the document does not comply with C.A.R. 28(j) (effective January 1, 2004) and because it was, in effect, an additional brief, filed without obtaining leave of this court and without affording SWCD an opportunity to respond, we grant the motion to strike. *See* C.A.R. 28(j) (citation of supplemental authorities must "state without argument the issue to which the supplemental citation pertains"); *see also* C.A.R. 28(c) (no further brief after reply brief may be filed except with leave of court); *People v. Unruh,* 713 P.2d 370 (Colo.1986); *People v. McCoy,* 944 P.2d 577 (Colo.App.1996).

## VI.

In light of our resolution of the issues on appeal, we deny plaintiffs' request for attorney fees and costs pursuant to § 24–72–204(5).

The judgment is affirmed.

Judge DAILEY and Judge RUSSEL concur.