**AMERICAN CIVIL LIBERTIES UNION OF COLORADO, a Colorado corporation, Plaintiff–Appellant,**

v.

**Gerald WHITMAN, in his official capacity of the Chief of Police for the City and County of Denver; Alvin LaCabe, in his official capacity as the Manager of Safety of the City and County of Denver; and the City and County of Denver, Defendants–Appellees,**

and

**Luis Estrada, Troy Ortega, Richard Eberharter, and Perry Speelman, Police Officers for the City and County of Denver, Intervenors–Appellees.**

No. 05CA0397.

Colorado Court of Appeals, Div. II.

Oct. 5, 2006.

Faegre & Benson LLP, Steven D. Zansberg, Christopher P. Beall, Denver, Colorado; Mark Silverstein, Denver, Colorado, for Plaintiff–Appellant.

Cole Finegan, City Attorney, Stan M. Sharoff, Assistant City Attorney, Denver, Colorado, for Defendants–Appellees.

Bruno, Bruno & Colin, P.C., Michael T. Lowe, Marc F. Collin, Denver, Colorado, for Intervenors–Appellees.

Opinion by Judge VOGT.

Plaintiff, the American Civil Liberties Union of Colorado (ACLU), appeals the trial court's order declining to reconsider its prior dismissal of the ACLU's declaratory judgment claims and refusing the ACLU's request for leave to file a second amended complaint. We affirm.

I.

This action was originally brought by the ACLU and an individual, Terrill Johnson, against the City and County of Denver, the Denver Police Department, and two Denver officials, Police Chief Gerald Whitman and Manager of Safety Alvin LaCabe. Plaintiffs sought disclosure of police investigation records concerning Johnson's complaint that Denver police officers had engaged in racial profiling, used excessive force, arrested him without justification, and engaged in other improper conduct. The complaint included two claims for declaratory relief and an application for an order directing defendants to show cause why they should not permit inspection and copying of the requested records. Denver police officers Luis Estrada, Troy Ortega, Richard Eberharter, and Perry Speelman were granted leave to intervene as defendants.

The trial court entered a show cause order, reviewed the requested documents in cam-

era, and, following a hearing, ordered defendants to produce most of the requested documents. It also awarded plaintiffs some $24,000 in attorney fees and costs incurred in obtaining the requested relief.

The trial court subsequently granted defendants' and intervenors' motion to dismiss plaintiffs' two declaratory judgment claims. It concluded that (1) plaintiffs lacked standing to bring the claims because the only current injury alleged—the refusal to allow inspection of records concerning the Johnson incident—had been remedied by the ruling on the order to show cause and the attorney fee award, and (2) the broad declaratory relief requested by plaintiffs was unavailable under Colorado law.

The ACLU moved for reconsideration of the court's second basis for dismissal and for leave to cure the lack of standing by filing a second amended complaint that dropped Johnson as a plaintiff and modified the claims for declaratory relief.

The trial court denied the motion. It again concluded that the requested declaratory relief was unavailable, even under the circumstances described in the proposed second amended complaint, and it found that amendment of the complaint would thus be futile. The court also found that the proposed second amended complaint was an inappropriate attempt "to amend a complaint that has already been dismissed in an effort to revive the case on new facts and new circumstances," and it observed that the ACLU had "the option of filing a new case to pursue its claims regarding new files and different people."

## II.

■ The ACLU contends on appeal that the trial court erred in determining that the requested declaratory relief was unavailable and therefore declining to alter its prior ruling or allow the filing of a second amended complaint. We disagree.

The Uniform Declaratory Judgments Law, § 13–51–101, et seq., C.R.S.2006, and C.R.C.P. 57 give trial courts broad power to declare rights, status, and other legal relations. *Zab, Inc. v. Berenergy Corp.*, 136 P.3d 252 (Colo.2006).

■ However, that broad power is not without limits. A declaratory judgment action must be based on an actual controversy, and the plaintiff must allege an injury in fact to a legally protected or cognizable interest. Declaratory judgment proceedings may not be invoked to obtain advisory opinions or resolve nonexistent questions, even where it may be assumed that the question may arise at some future time. *Farmers Insurance Exchange v. District Court*, 862 P.2d 944 (Colo.1993); *see Beacom v. Board of County Commissioners*, 657 P.2d 440 (Colo.1983) (where only actual controversy before court was board of commissioners' denial of certain items in district attorney's budget request, district attorney's request for declaratory judgment regarding status of his employees was improper request for advisory opinion).

The first amended complaint in this case included requests for declaratory judgments that:

> (1) [P]olice officers in the Denver Police Department who provide statements and/or other information to the Internal Affairs Bureau after being advised pursuant to a "Garrity Advisement" that their statement or answer may be disclosed under certain circumstances do not enjoy a reasonable expectation of confidentiality in such statements and/or information; and
>
> (2) [P]olice officers in the Denver Police Department who are the subject of witness statements and other information contained in an Internal Affairs Bureau file that pertains to those officers' discharge of their official duties while acting as Denver Police Department officers have no reasonable expectation of privacy with respect to such information.

The proposed second amended complaint eliminated the first claim, regarding the Garrity advisement, and modified the second claim to state a request for a declaratory judgment that:

> Police officers in the Denver Police Department do not enjoy a constitutionally protected privacy interest in the portions of any Internal Affairs Bureau file that

"relate simply to the officers' work as police officers."

The second amended complaint also added a claim for a declaratory judgment that certain portions of investigative files were not subject to a "deliberative process privilege."

On appeal, the ACLU does not challenge the dismissal of the Garrity advisement claim or make further arguments regarding the deliberative process privilege claim. Therefore, we address only the viability of the original and restated claims regarding the police officers' privacy interest in files pertaining to the discharge of their official duties.

### A.

The ACLU sought disclosure of police investigation files pursuant to the Colorado Criminal Justice Records Act (CCJRA), § 24–72–301, et seq., C.R.S.2006. The primary authority addressing requests for records under the CCJRA and related open records laws is *Martinelli v. District Court,* 199 Colo. 163, 612 P.2d 1083 (1980).

In *Martinelli,* an individual claiming to have been the victim of misconduct by Denver police officers served the police department with a request for relevant documents, including personnel files and internal investigation reports. The department and the police officers resisted the request, asserting, among other reasons, that discovery would violate the officers' constitutional right to privacy. The trial court ordered the defendants to produce the requested documents. The supreme court granted the defendants' request for C.A.R. 21 relief. In its opinion, it spelled out the inquiry that a trial court is to undertake in assessing a claim that a discovery request violates police officers' constitutional privacy rights.

■ In assessing such a claim, the trial court is to engage in a "tripartite balancing inquiry" that determines (1) whether the claimant has a legitimate expectation that the materials or information will not be disclosed; (2) whether disclosure is nonetheless required to serve a compelling state interest; and (3) if so, whether the necessary disclosure will occur in the least intrusive manner.

*Martinelli, supra,* 199 Colo. at 174, 612 P.2d at 1091.

■ To establish a legitimate expectation of nondisclosure, the party resisting disclosure must show (1) that he or she has an actual or subjective expectation that the information not be disclosed—as, for example, by "showing that he or she divulged the information to the state pursuant to an understanding that it would be held in confidence or that the state would disclose the information for stated purposes only"—and (2) that the material or information sought to be discovered is highly personal and sensitive, and its disclosure would be offensive and objectionable to a reasonable person of ordinary sensibilities. *Martinelli, supra,* 199 Colo. at 174, 612 P.2d at 1091. In regard to the second, or "objective," component of the expectation of nondisclosure, the supreme court observed that the information could range from the most sensitive, such as material reflecting the intimate relationships of the claimant with other persons, to the least sensitive, such as name, address, marital status, and present employment. It added: "Depending, of course, on the circumstances of the individual case, it is less likely that information or materials in the lower tiers of this ranking will come within the zone of protection of the right to confidentiality." *Martinelli, supra,* 199 Colo. at 175, 612 P.2d at 1092.

■ Contrary to the ACLU's characterization of *Martinelli,* the case does not state or imply that certain categories of information in police files may *never* be the subject of a legitimate expectation of privacy or are of such a nature that they may be deemed "not confidential as a matter of law." Rather, *Martinelli* contemplates that, as to all claims of privacy, trial courts will conduct their inquiry on an "ad hoc basis," applying the mandated balancing inquiry to the facts before them. *Martinelli, supra,* 199 Colo. at 171, 174, 612 P.2d at 1089, 1091 ("This right [to confidentiality] is by no means absolute, and the courts must engage in a balancing process when applying the right in specific cases."). In subsequent cases applying *Martinelli,* the supreme court has reaffirmed that objections to document requests based

on claims of privacy must be analyzed on a case-by-case basis. *See Corbetta v. Albertson's, Inc.,* 975 P.2d 718 (Colo.1999)(vacating order compelling discovery of personnel files where trial court failed to conduct three-part *Martinelli* balancing test and failed to make specific findings regarding test); *Williams v. District Court,* 866 P.2d 908, 912 (Colo.1993) (under *Martinelli,* a "three-part balancing inquiry . . . must be undertaken by the trial court when the right to confidentiality is invoked").

Here, the ACLU sought to have the trial court make a broad declaration of general applicability—namely, that Denver police officers have "no reasonable expectation of privacy," or, as stated in the second amended complaint, no "constitutionally protected privacy interest" in internal police files pertaining to the discharge of their official duties. Such a declaration would obviate the need for any case-specific inquiry regarding the first prong of the *Martinelli* three-part balancing inquiry whenever such information is requested. We agree with the trial court that the declaration sought by the ACLU here was unavailable under *Martinelli.* Rather, under *Martinelli,* the existence of an expectation of privacy turns on the specific facts of each individual case. Thus, the expectation of privacy, or lack thereof, at issue here cannot be the subject of a declaratory judgment purporting to be applicable to all cases.

This case illustrates the wisdom of requiring such fact-specific inquiry even when the requested records "relate simply to the officers' work as police officers." For example, as noted above, a subjective expectation of confidentiality may exist where an individual has divulged information to the state "pursuant to an understanding that it would be held in confidence or [disclosed] for stated purposes only." *Martinelli, supra,* 199 Colo. at 174, 612 P.2d at 1091. Here, the "Garrity advisement" given to Denver police officers from whom information is sought in an internal investigation states, among other things, that any statement given "shall be confidential"; that it shall not be disclosed to anyone except in enumerated circumstances; and that "[t]he Chief of Police and the Department will resist every effort to produce this statement or answers in any civil or criminal case." In its ruling on the order to show cause, the trial court concluded, and we agree, that the Garrity advisement and a related Denver city charter provision gave the police officers a reasonable expectation of "limited confidentiality."

As to the objective component of the *Martinelli* "expectation of confidentiality" inquiry, materials pertaining to a police officer's discharge of his or her official duties would generally appear less likely to come "within the zone of protection of the right to confidentiality," *Martinelli, supra,* 199 Colo. at 175, 612 P.2d at 1092. However, as set forth above, *Martinelli* does not hold that such materials could never give rise to an objectively reasonable expectation of nondisclosure, and this case presents an example of when they might.

Defendants here resisted disclosure of photographic lineups of police officers, included in the police department's internal investigative files, that were shown to complaining citizens. A police commander testified at the show cause hearing that police officers' photographs are not generally available to the public because of concerns about retaliation and about thwarting undercover operations. He testified that officers routinely receive threats from citizens, particularly where the officer's home address has been made available, and added: "So we do our best to protect the officers' confidentiality any way we can."

The trial court ruled that the photo arrays were discoverable in this case because "no names or other data are associated with those photos, and most of the witnesses were unable to make an identification from the arrays." However, another court, confronting a different set of facts, could conclude that the officers had an objectively reasonable expectation of privacy in such arrays. At a minimum, the existence of such material supports the trial court's refusal to make a generally applicable declaration that Denver police officers never have a reasonable expectation of privacy or a protected privacy interest in investigative files relating to their official duties.

The cases relied on by the ACLU do not support a contrary conclusion. The ACLU cites cases from this court that have upheld the appropriateness of declaratory judgments in actions involving the CCJRA or other open records laws. However, the cases have done so where the declaration related to the specific facts of the case, as opposed to a broad and generally applicable principle, or where the *Martinelli* balancing inquiry was not implicated. *See Citizens Progressive Alliance v. Southwestern Water Conservation District,* 97 P.3d 308, 313 (Colo.App.2004) (records custodian was entitled to seek declaration that plaintiffs' records request did not comply with custodian's records access policy and could not be complied with within time limits mandated under open records laws; however, narrowness of holding is recognized in division's statement that it did not "foreclose future challenges to [the custodian's] reliance on the policy in circumstances different from those presented here"); *Bodelson v. City of Littleton,* 36 P.3d 214 (Colo.App.2001)(county coroner was entitled to disclosure of ambulance trip reports filed by medical technicians who responded to emergency call; *Martinelli* balancing inquiry not implicated); *Freedom Newspapers, Inc. v. Tollefson,* 961 P.2d 1150 (Colo.App.1998) (newspapers were entitled to disclosure of names and individual amounts paid to public employees pursuant to transitional employment program, where trial court determined, after engaging in *Martinelli* balancing inquiry, that records custodians had failed to establish that disclosure would be offensive and objectionable to a reasonable person).

Nor do the Tenth Circuit cases on which the ACLU relies warrant reversal of the trial court's ruling. The issue presented in three of the cases was whether disclosure of certain information about police officers or firefighters was sufficient to support a claim for violation of the plaintiffs' privacy rights. In concluding that it was not, the court focused on the specific information disclosed in the case before it. *See Stidham v. Peace Officer Standards & Training,* 265 F.3d 1144 (10th Cir.2001) (disclosure of reasons for Utah peace officer's resignation did not implicate any constitutionally protected expectation of privacy); *Flanagan v. Munger,* 890 F.2d 1557 (10th Cir.1989)(disclosure to news media of reprimand given to police officers, and reason for reprimand, did not violate plaintiffs' privacy rights); *Mangels v. Pena,* 789 F.2d 836 (10th Cir.1986) (firefighters could not state claim for relief under 42 U.S.C. § 1983 based on disclosure of internal police report indicating that they had used contraband drugs; and limited assurances of confidentiality offered to firefighters did not suffice to make the disclosure actionable).

In the fourth case, *Denver Policemen's Protective Ass'n v. Lichtenstein,* 660 F.2d 432, 435 (10th Cir.1981), the appellate court affirmed an order granting discovery of specific police investigative files that was entered *after* the trial court had reviewed the files in camera and conducted the balancing test mandated under *Martinelli.* Although the appellate court observed that the documents which the trial court had ordered produced "related simply to the officers' work as police officers," that statement does not require the conclusion that police officers can never have a reasonable expectation of confidentiality in such documents.

In sum, although declaratory relief is available in certain circumstances involving requests for documents under the open records laws, *see Citizens Progressive Alliance, supra; Bodelson, supra,* and although federal cases have found that disclosure of certain specific information related to official acts does not support a claim for violation of privacy rights, none of these authorities holds or implies that the ACLU was entitled to the broad declaratory relief it requested here.

### B.

We further conclude that, consistent with the analysis set forth above, the trial court did not err in denying leave to file a second amended complaint on the basis that amendment would be futile.

Under C.R.C.P. 15(a), trial courts are encouraged to look favorably on requests to amend pleadings. However, a trial court may deny leave to amend if amendment would be futile. An amendment is futile if, for example, it merely restates the same

facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss. *See Benton v. Adams,* 56 P.3d 81 (Colo.2002); *Liscio v. Pinson,* 83 P.3d 1149 (Colo.App. 2003).

■ We review de novo a trial court's determination that amendment would be futile because the amended complaint could not survive a motion to dismiss. *Benton v. Adams, supra.*

Here, the restated declaratory judgment claim in the proposed second amended complaint changed the wording of the previous declaratory judgment claim, substituting "constitutionally protected privacy interest" for "reasonable expectation of privacy" and substituting "portions of any Internal Affairs Bureau file that 'relate simply to the officers' work as police officers'" for "information contained in an Internal Affairs Bureau file that pertains to those officers' discharge of their official duties." However, the changes did not alter the substance of the requested relief or the fact that the declaration sought was one of general applicability, not tied to the specific facts of this case. The new reference to "constitutionally protected privacy interest" does not somehow take the scope of the requested relief outside the analysis of *Martinelli,* which discussed the police officers' legitimate expectation of privacy in the context of a claimed violation of the officers' "constitutional rights to privacy." *Martinelli, supra,* 199 Colo. at 173, 612 P.2d at 1091. Thus, because the new claim, like its predecessor, could not survive a motion to dismiss, the trial court did not err in concluding that amendment would be futile.

In light of our conclusion, we do not address the parties' additional contentions.

The order is affirmed.

Judge TAUBMAN and Judge STERNBERG * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

